RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
6 2 15
YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RANDY PAUL DAVIS (#581779) | DOCKET NO. 15-cv-917; SEC. P |
| VERSUS | JUDGE DRELL |
| JUANITA FOWLER, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Randy Paul Davis filed the instant civil rights complaint in forma pauperis, and pursuant to 42 U.S.C. §1983. Plaintiff is a detainee at the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana. He seeks monetary damages for an unconstitutional deprivation of property, and he asks the Court to restrain the City of Natchitoches and Juanita Fowler from any further property deprivation or harassment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff alleges that on or about September 17, 2012, while he was incarcerated at the NPDC, he received notice from the City Planning Director stating that Plaintiff's home was in violation of a city ordinance and that he had 10 days to get his property into compliance or the City would conduct a clean-up and removal of Plaintiff's property. He alleges that the next day, before he was able to take action, the city removed all items from his property

and damaged his wooden privacy fence and land.

Plaintiff first claims that he received notice on September 17, 2012, while he was incarcerated. [Doc. #1, p.3] He states that he was unable to address the issue since he was in jail. In an amended complaint, Plaintiff claims that he did not receive the notice until he was released from jail on October 24, 2014. However, according to the documents submitted by Plaintiff, it is evident that Plaintiff was notified numerous times, by letters on August 3, 2011, September 30, 2011, May 15, 2012, and August 17, 2012, that the condition of his property was in violation of the Natchitoches City Code and must be cleared or it would be cleared up for him and he would be assessed the cost. As of October 23, 2012, Plaintiff's property remained in violation, and that is the date the Final Notice was sent.

### *Law and Analysis*

#### *1.   Preliminary Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Additionally, because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of

the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless," 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[1] "fantastic,"[2] and "delusional[3]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *accord* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of ... property, without due process of law." U.S. Constitution, Amendment XIV. Plaintiff received numerous notices advising that his property was in violation of city codes and must be cleared. He apparently ignored

---

[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Id. at 328.

[3] Id.

every notice that he received for more than one year and failed to contest the alleged violations. Specifically, he was notified by letters on August 3, 2011, September 30, 2011, May 15, 2012, and August 17, 2012, October 23, 2012 [Doc. #13, p.4], and September 17, 2012 [Doc. #1, p.3] that the condition of his property was in violation of the Natchitoches City Code and must be cleared or it would be cleared for him at his expense. Plaintiff had more than a year to contest the violations or clean the property, and he failed to do so. Additionally, the ordinance requires that notice be sent by registered mail. Plaintiff's exhibits demonstrate that notice was properly sent. [Doc. #13] Plaintiff received all the process that he was due.

To the extent that Plaintiff claims that the deprivation of property was random or unauthorized, his claim fails under the Parratt/Hudson doctrine. The Parratt/Hudson doctrine provides that a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 544 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). Louisiana law provides Plaintiff the opportunity to seek redress against the City of Natchitoches. Thus, to the extent that Plaintiff claim this was a random and unauthorized deprivation by the defendants, his claim should be dismissed pursuant to the Parratt/Hudson Doctrine.

Finally, to the extent that Plaintiff seeks to raise a "takings" claim under the Fifth Amendment, his claim is not yet ripe. According to the United States Supreme Court, a claim that the application of government regulations effects a taking of a property interest is not ripe until (1) the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue, and (2) *the claimant has sought compensation for the taking through procedures the state has provided for doing so.* See Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 186, 194 (1985). Plaintiff has not sought compensation for the alleged taking through the procedures provided for by the State. Thus, any takings claim he seeks to raise should be dismissed as premature.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A, and that any Fifth Amendment claim he is attempting to raise be **DISMISSED WITHOUT PREJUDICE**, as such a claim is not ripe.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days

from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of June, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE